UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00174-MR

| VALCHIC HENDON, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| JORGE REDMOND, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint[1] [Doc. 5] pursuant to 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and 1915(e). Plaintiff is proceeding in forma pauperis. [Docs. 3, 6].

# I. BACKGROUND

Pro se Plaintiff Valchic Hendon ("Plaintiff") is a pretrial detainee currently housed at the Transylvania County Detention Facility in Brevard, North Carolina. [Doc. 5 at 2, 4]. He filed this action on June 17, 2024, pursuant to 18 U.S.C. § 1983, against Defendants Jorge Redmond, identified as a Buncombe County Legal Risk Department attorney, and FNU Reems and FNU Smith, both identified as Officers with the Buncombe County

---

[1] Plaintiff's original Complaint was unsigned and not on the proper form. [See Doc. 1]. On the Court's Order to correct these deficiencies, Plaintiff timely filed a signed Amended Complaint. [Docs. 4, 5].

Detention Center (BCDC). [Id. at 2-3]. Plaintiff sues Defendants in their individual capacities only. [Id.]. He alleges as follows.

On May 3, 2024, Plaintiff was being transferred from the BCDC to another jail. Defendant Redmond told Defendants Smith and Reems to retrieve Plaintiff's flash drives, which contained video files depicting exculpatory evidence pertaining to Plaintiff's criminal case including or as well as "unconstitutional wanton, and malicious sadistic behavior done in bad faith" resulting in Plaintiff's "false arrest and false imprisonment." [Id. at 5]. Defendant Smith retrieved the flash drives from a desk and gave them to Defendant Reems. When Plaintiff was leaving, he asked for the flash drives. Defendant Reems told Plaintiff he would have to get them from Defendant Redmond. Plaintiff's "petition" for the video files was granted. [Id.].

Plaintiff claims violation of his rights under the Fifth and Fourteenth Amendments. [Id. at 3; see Doc. 1]. Plaintiff also claims violation of a "lawful protective order pursuant to G.S. 132-1.4A" and his rights under "Section 1 Section 19" of the N.C. Constitution. [Id. at 3]. Plaintiff does not specifically allege what injury he has sustained, but he does reference headaches, loss of appetite, and mental distress. [Id. at 5]. For relief, Plaintiff seeks return of the video files, removal of an undefined protective order, and $1.8 million. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, Plaintiff remains detained and complains about the availability of evidence in his state criminal proceeding. As such, this Court should abstain from interfering in the ongoing state proceedings. Plaintiff, through his attorney, should seek access to the allegedly missing evidence in his state criminal

proceeding, not here.

Even if abstention were unwarranted, Plaintiff has failed to state a claim for relief against any Defendant. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). See also Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Plaintiff alleges only that Defendant Redmond directed Defendants Smith and Reems to retrieve the flash drives and that Defendant Reems told Plaintiff that Plaintiff would have to obtain them from Defendant Redmond. These allegations are insufficient to state any claim for relief against any Defendant.

Finally, to the extent Plaintiff purports to state a claim based on the deprivation of property apart from the alleged evidentiary significance of the flash drives, he has failed to state a due process claim based on the deprivation of his personal property because he has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the

Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property.").

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: July 31, 2024

Martin Reidinger
Chief United States District Judge