UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00174-MR

| | |
|---|---|
| VALCHIC HENDON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JORGE REDMOND, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint [Doc. 9] pursuant to 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and 1915(e). Plaintiff is proceeding in forma pauperis. [Docs. 3, 6].

## I. BACKGROUND

Pro se Plaintiff Valchic Hendon ("Plaintiff") is a pretrial detainee currently housed at the Transylvania County Detention Facility in Brevard, North Carolina. [Doc. 5 at 2, 4]. He filed this action on June 17, 2024, pursuant to 42 U.S.C. § 1983, against Defendants Jorge Redmond, identified as a Buncombe County Legal Risk Department attorney, and FNU Reems and FNU Smith, both identified as Officers with the Buncombe County Detention Center (BCDC). [Id. at 2-3]. Plaintiff alleged as follows. On May 3, 2024, Plaintiff was being transferred from the BCDC to another jail.

Defendant Redmond told Defendants Smith and Reems to retrieve Plaintiff's flash drives, which contained video files depicting exculpatory evidence pertaining to Plaintiff's criminal case including or as well as "unconstitutional wanton, and malicious sadistic behavior done in bad faith" resulting in Plaintiff's "false arrest and false imprisonment." [Id. at 5]. Defendant Smith retrieved the flash drives from a desk and gave them to Defendant Reems. When Plaintiff was leaving, he asked for the flash drives. Defendant Reems told Plaintiff he would have to get them from Defendant Redmond. Plaintiff's "petition" for the video files was granted. [Id.].

Plaintiff's Amended Complaint failed initial review for Plaintiff's failure to state a claim upon which relief may be granted. [Doc. 8]. The Court concluded that: (1) under Younger v. Harris, 401 U.S. 37, 43-44 (1971), it should abstain from interfering with Plaintiff's ongoing state criminal proceedings, (2) that Plaintiff failed to state a claim for relief against any Defendant in any event, and (3) to the extent Plaintiff sought to state a claim based on the deprivation of property apart from the alleged evidentiary significance of the flash drives, he had an adequate post-deprivation remedy in state tort law and, therefore, failed to state a due process claim. [Doc. 8 at 4-5]. The Court allowed Plaintiff 30 days to amend his Complaint to properly state a claim for relief in accordance with the Court's Order or the

2
Case 1:24-cv-00174-MR   Document 10   Filed 08/28/24   Page 2 of 6

Court would dismiss this action without prejudice and without further notice to Plaintiff. [Id. at 6-7].

Plaintiff timely filed a Second Amended Complaint, which is now before the Court on initial review. [Doc. 9]. In his Second Amended Complaint, Plaintiff names the same three Defendants in their individual capacities. [Id. at 2-3]. Plaintiff alleges the following. On the morning of May 3, 2024, Plaintiff's property was stolen from him. Defendants "all conspired." [Id. at 5]. Defendant Smith retrieved Plaintiff's property and then Defendant Reems "stated he took control of the property." Then Defendant Redmond "took custody" of Plaintiff's property. Officer Tucker with the Transylvania County Jail overheard Plaintiff talking to Defendant Reems, who stated "he was not giving them back" because Reems thought Plaintiff "was sending it home." Plaintiff alleges this is "larceny from the person by false pretenses" and that Defendants "are contributing to [Plaintiff's] unlawful confinement by the evidence [they] stole." [Id.].

For injuries, Plaintiff claims he has suffered anxiety, headaches, and heart palpitations. [Id. at 5]. For relief, Plaintiff seeks $200,000 and that the videos be made public. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Second Amended Complaint fails initial review for the same reasons as his previous Complaint. Plaintiff remains detained and complains that Defendants have stolen evidence in his state criminal proceedings. As before, this Court should abstain under <u>Younger</u> from interfering in the ongoing state proceedings. Again, Plaintiff, through his attorney, should seek access to the allegedly missing evidence in that proceeding, not here.[1]

Moreover, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983 in any event. Plaintiff has again failed to state a due process claim based on the alleged deprivation of property because he has an adequate post-deprivation remedy in state tort law,[2] and his allegations do not otherwise implicate his constitutional rights.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice. See <u>Green v. Wells Fargo Bank, N.A.</u>, 790 Fed. App'x 535, 536 (4th Cir. 2020).

---

[1] There should be no reason Plaintiff cannot obtain another copy of video evidence previously produced to him.

[2] See <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); <u>Wilkins v. Whitaker</u>, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property.")

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Second Amended Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Second Amended Complaint [Doc. 9] is **DISMISSED with prejudice** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: August 28, 2024

Martin Reidinger
Chief United States District Judge